UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DATONICS LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADOBE INC., <br><br> Defendant. | Case No.   7:25-cv-00180 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
<u>ADOBE INC.</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Datonics LLC ("Plaintiff") makes the following allegations against Defendant Adobe Inc. ("Defendant" or "Adobe"):

<u>INTRODUCTION AND PARTIES</u>

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Datonics, each of which generally relate to novel internet / network-based advertising systems and methods: United States Patent Nos. 8,589,210 and 10,984,445 (collectively, the "Asserted Patents"). Datonics owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Datonics is a leading aggregator and distributor of highly granular search, purchase-intent, and life-stage data. Datonics offers data users (including ad networks, ad exchanges, demand side platforms, and publishers) pre-packaged or customized keyword-based "data segments" that can facilitate the delivery of advertisements to consumers wherever they go online,

1

with the ads being focused on subjects relevant to the individual consumer yet delivered in a privacy-sensitive way.

3.     On information and belief, Defendant is a Delaware corporation with a principal place of business at 345 Park Avenue San Jose, California 95110 and a regular and established place of business located at 11501 Domain Drive, Suite 110 Austin, Texas 78758. Defendant may be served with process through its registered agent, the Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware and has a place of business in this at 11501 Domain Drive, Suite 110 Austin, Texas 78758. Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6.     Venue is proper in this District because Defendant has a regular and established place of business in this District and has committed acts of infringement within this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,589,210

7. Datonics realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Datonics owns all rights, title, and interest in U.S. Patent No. 8,589,210, titled "providing collected profiles to media properties having specified interests," issued on November 19, 2013 ("the '210 patent"). A true and correct copy of the '210 patent is attached as Exhibit 1.

9. Datonics has complied with the requirements of 35 U.S.C. § 287(a) with respect to the '210 patent.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Adobe Audience Manager, Adobe Experience Platform, and Adobe Advertising, including but not limited to components such as Real-Time CDP, Adobe Analytics, Audience Marketplace, Tags, and Identity Graphs, that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '210 patent.

11. The infringement of the '210 patent is also attributable to Defendant. Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement the '210 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

12. The Accused Products practice all claim limitations of one or more method claims of the '210 patent. A claim chart comparing an independent method claim of the '210 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Datonics and is liable for infringement of the '210 patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '210 patent, Datonics is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Plaintiff is entitled to past damages for Defendant's infringement of the '210 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '210 patent.

16. Plaintiff has suffered and continue to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. For example, Datonics has and will continue to suffer this harm by virtue of Defendant's infringement of one or more method claims of the '210 patent. In particular, Datonics' pre-packaged and customized data segment services, which facilitate the delivery of advertisements to consumers wherever they go online, directly competes with components of Adobe Advertising. For example, Adobe Advertising facilitate the delivery of advertisements for a particular consumer as well as linked profile information, which Adobe has collected from a profile owner computer (such as, e.g., a computer operated by Adobe or a third-party vendor). *See* Ex. 2. Additionally, Defendant's actions have interfered with and will interfere with Plaintiff's ability to license technology. The balance of hardships favors Datonics' ability to commercialize its own ideas and technology. The public interest in allowing Datonics to enforce its right to exclude outweighs other public interests. A permanent injunction would not result in depriving the public of the patented invention because

consumer need for the patented invention can be met by at least Datonics' product offerings as well as at least one other advertising platform who has taken a license to the '210 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,984,445

17. Datonics realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Datonics owns all rights, title, and interest in U.S. Patent No. 10,984,445, titled "providing collected profiles to media properties having specified interests," issued on April 20, 2021 ("the '445 patent"). A true and correct copy of the '445 patent is attached as Exhibit 3.

19. Datonics has complied with the requirements of 35 U.S.C. § 287(a) with respect to the '445 patent.

20. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Adobe Audience Manager, Adobe Experience Platform, and Adobe Advertising, including but not limited to components such as Traits, Target, Real-Time CDP, and Identity Graph, that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '445 patent.

21. The infringement of the '445 patent is also attributable to Defendant. Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement the '445 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

22. The Accused Products practice all claim limitations of one or more method claims of the '445 patent. A claim chart comparing an independent method claim of the '445 patent to a

representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

23. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Datonics and is liable for infringement of the '445 patent pursuant to 35 U.S.C. § 271.

24. As a result of Defendant's infringement of the '445 patent, Datonics is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

25. Plaintiff is entitled to past damages for Defendant's infringement of the '445 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '445 patent.

26. Plaintiff has suffered and continue to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. For example, Datonics has and will continue to suffer this harm by virtue of Defendant's infringement of one or more method claims of the '445 patent. In particular, Datonics' pre-packaged and customized data segment services, which facilitate the delivery of advertisements to consumers wherever they go online, directly competes with components of Adobe Advertising. For example, Adobe Advertising facilitate the delivery of advertisements for a particular consumer as well as linked profile information, which Adobe has collected from a profile owner computer (such as, e.g., a computer operated by Adobe or a third-party vendor). *See* Ex. 4. Additionally, Defendant's actions have interfered with and will interfere with Plaintiff's ability to license technology. The balance of hardships favors Datonics' ability to commercialize its own ideas and technology. The public

interest in allowing Datonics to enforce its right to exclude outweighs other public interests. A permanent injunction would not result in depriving the public of the patented invention because consumer need for the patented invention can be met by at least Datonics' product offerings as well as at least one other advertising platform who has taken a license to the '445 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Datonics respectfully requests that this Court enter:

a. A judgment in favor of Datonics that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the '210 and the '445 patents;

c. A judgment and order requiring Defendant to pay Datonics its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Datonics, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Datonics its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Datonics, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Dated: April 18, 2025                                     Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

*Attorneys for Plaintiff
Datonics LLC*